DCP:DGR
F. #2022R00989

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
*   April 6, 2023   *
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

RASHAWN RUSSELL,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

Judge Hector Gonzalez
Magistrate Judge Sanket J. Bulsara

I N D I C T M E N T

Cr. No. 23-CR-152
(T. 18, U.S.C., §§ 981(a)(1)(C), 1343, 2
and 3551 et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.     The Defendant and Relevant Entity

     1.     The defendant RASHAWN RUSSELL was a resident of Brooklyn, New York.  RUSSELL was a former registered broker with the Financial Industry Regulatory Authority, and, between July 2018 and November 2021, RUSSELL worked as an investment banker at Financial Institution-1, an entity the identity of which is known to the Grand Jury.

     2.     The $R^3$ Crypto Fund was a purported investment fund operated by the defendant RASHAWN RUSSELL through which RUSSELL claimed to invest and trade cryptocurrency on behalf of investors.

II.     The Fraudulent Scheme

     3.     In or about and between November 2020 and August 2022, both dates being approximate and inclusive, the defendant RASHAWN RUSSELL engaged in a scheme to defraud investors by inducing them to invest with RUSSELL based on false promises that,

among other things, RUSSELL would use the investors' assets for cryptocurrency investments and that the investors would earn large, and sometimes guaranteed, returns from those cryptocurrency investments.   In truth, much of the investors' assets were misappropriated by RUSSELL and used for his personal benefit, to gamble and to repay other investors.   RUSSELL repeatedly failed to repay investors' principal investments and failed to provide investors with promised rates of return.

4.       The defendant RASHAWN RUSSELL solicited investments from numerous individuals, including his friends, former college classmates, and former colleagues at Financial Institution-1.   When soliciting investments from these individuals, RUSSELL, at times, represented that he worked in investment banking and was a licensed broker.   At times, he also claimed he had developed a successful strategy to trade "altcoin" cryptocurrencies and that he had earned returns for investors in excess of 100% over previous three-month periods.

5.       To induce certain investors to invest with him, the defendant RASHAWN RUSSELL falsely promised the investors that they were guaranteed returns or that they were guaranteed to recoup their investment principal.   For example, RUSSELL misrepresented to multiple investors that they would: (a) receive a guaranteed fixed return on their investment after three months with a 25% guaranteed return; or (b) receive the total return generated by their investment after three months, minus a management fee, often 20%, that would be paid to RUSSELL.   RUSSELL also falsely claimed to certain investors that he would return their principal investment regardless of the actual performance of the investment.

6.       At times, the defendant RASHAWN RUSSELL memorialized the investment terms, including the promised performance and returns, in purported investor

agreements.   These investor agreements were often sent, executed and returned to RUSSELL by emails sent and received in the Eastern District of New York.

7.   Based on the defendant RASHAWN RUSSELL's false statements, material misrepresentations and omissions, multiple victims, including Investor-1, Investor-2, Investor-3 and Investor-4, individuals whose identities are known to the Grand Jury, each sent RUSSELL approximately $90,000 to $295,000 for investment into the $R^3$ Crypto Fund.

8.   The defendant RASHAWN RUSSELL often encouraged investors to continue investing with him by "rolling over" or reinvesting their principal investments, and any purported returns, when a typical three-month investment period ended.

9.   Although the defendant RASHAWN RUSSELL transferred at least some investor funds into a cryptocurrency account to trade, on multiple occasions, after receiving investor funds, RUSSELL did not invest them in cryptocurrencies as promised.   Instead, he diverted those funds to, among other things, gamble, fund personal expenses and to repay earlier investors who had requested their money back from RUSSELL.

10.   The defendant RASHAWN RUSSELL misled certain investors and prospective investors about the status of their investments by, among other things, fabricating documents to lead them to believe that their investments were secure.   For example, on or about February 8, 2021, RUSSELL sent Investor-2 a text message containing a screenshot of a purported bank account balance.   That bank balance screenshot showed an account RUSSELL controlled with a current balance of approximately $355,000.   However, RUSSELL falsified the account balance information; in reality, in February 2021, the bank account shown in the screenshot had a balance of no more than approximately $35,000.

11.     After certain investors requested to be repaid their investments, the defendant RASHAWN RUSSELL falsely represented that he had wired them money.   For example, on or about July 5, 2022, RUSSELL sent Investor-3 a text message containing a screenshot of a purported wire transfer confirmation from a bank account RUSSELL controlled. The wire transfer confirmation purported to show that RUSSELL had transferred $75,000 to Investor-3.   In truth, RUSSELL falsified this wire transfer confirmation and Investor-3 received no such wire transfer.

## WIRE FRAUD

12.     The allegations contained in paragraphs one through 11 are realleged and incorporated as if fully set forth in this paragraph.

13.     In or about and between November 2020 and August 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RASHAWN RUSSELL, together with others, did knowingly and intentionally devise a scheme and artifice to defraud and to obtain money and property by means of one or more materially false and fraudulent pretenses, representations and promises, and, for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: emails and electronic messages sent to current and prospective investors in the $R^3$ Crypto Fund.

(Title 18, United States Code, Section 1343, 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

14.     The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with

5

Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

15.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

6

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property

described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code,

Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

By Kyle Crawford, Trial Attorney

_____
GLENN S. LEON
CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

By Carolyn Pokorny, Assistant U.S. Attorney

_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2022R00989

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

### THE UNITED STATES OF AMERICA

*vs.*

### RASHAWN RUSSELL,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 1343, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
                                                    Foreperson

*Filed in open court this* _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ *day,*

*of* _ _ _ _ _ _ _ _ _ _ _ _ _ *A.D. 20* _ _ _ _ _

_____
                                                         Clerk

*Bail, $* _ _ _ _ _ _ _ _ _ _ _ _

_____

*Kyle Crawford, DOJ Trial Attorney; Scott Armstrong, DOJ Assistant Chief;*
*Drew G. Rolle, Assistant U.S. Attorney (718) 254-7000*