

U.S. Department of Justice

*Fraud Section, Criminal Division, U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

KAC/DGR
F. #2022R00989

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 18, 2023

By ECF

The Honorable Sanket J. Bulsara
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Rashawn Russell
                  Criminal Docket No. 23-152 (HG)(SB)

Dear Judge Bulsara:

      In connection with the change of plea for the defendant Rashawn Russell in the above captioned-matter scheduled for September 19, 2023, the government respectfully submits this elements sheets to advise the Court of the elements of wire fraud, in violation of Title 18, United States Code, Section 1343, and the elements of access device fraud, in violation of Title 18, United States Code, Section 1029(a)(3).

Count One (Wire Fraud)

      <u>First</u>, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises, as alleged in the superseding information;

      <u>Second</u>, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

      <u>Third</u>, that in execution of that scheme, the defendant used or caused the use of the interstate wires as specified in the superseding information.

      *See* Sand et al., Modern Federal Jury Instructions – Criminal § 44.01, Instruction 44-3.

Count Two (Access Device Fraud)

First, that a credit card or debit card is an access device as I will explain the term to you in a moment;

An access device is defined to mean:

any card, code, account number, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument);

Second, that the defendant possessed fifteen or more devices which are counterfeit or unauthorized access devices;

Third, that the defendant acted knowingly, willfully and with intent to defraud; and

Fourth, that interstate or foreign commerce was affected by the defendant's actions.

*See* Sand et al., Modern Federal Jury Instructions – Criminal § 40.01, Instruction 40-3 & 40-4; 18 U.S.C. § 1029(e)(1) (definition of "access device).

Respectfully submitted,

| | |
|---|---|
| GLENN S. LEON<br>Chief, Fraud Section<br>Criminal Division, Department of Justice | BREON PEACE<br>United States Attorney<br>Eastern District of New York |
| */s/ Kyle Crawford*<br>Kyle Crawford, Trial Attorney<br>Scott Armstrong, Assistant Deputy Chief<br>Fraud Section, Criminal Division<br>United States Department of Justice | */s/ Drew Rolle*<br>Drew G. Rolle<br>Assistant United States Attorney |

2